1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  TERENCE J. HOWZELL, State Bar #140822
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3960
6  Facsimile:    (415) 554-4248
   E-Mail:       terence.howzell@sfgov.org
7
   Attorneys for Defendant
8  CITY AND COUNTY OF SAN FRANCISCO

9  RUSSELL A. ROBINSON, State Bar #163937
   Law Office of Russell A. Robinson
10 345 Grove Street, 1st Floor
   San Francisco, CA  94102
11 Facsimile:    (415) 431-4526

12 Counsel for Plaintiff
   FREDDIE NEW
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 16 FREDDIE NEW, | Case No. C 13 1285 EMC |
| 17      Plaintiff, | |
| 18      vs. | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| 19 CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO | Hearing Date: August 22, 2013 |
| 20 MUNICIPAL TRANSIT AGENCY, CHERYL TURNER, ROBERT LOUIE, and DOES 1-40, | Time:     9:00 a.m. |
| 21 | Place:     Courtroom 5, 17th Floor |
|      Defendants. | Judge:     Honorable Edward M. Chen |
| 22 | Date Action Filed:     December 22, 2011 |
| | Trial Date:     None Set |

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT          1          n:\labor\li2013\130918\00866663.doc
CASE NO.  C 13 1285 EMC

1    The parties, through their counsel of record herein, pursuant to Federal Rules of Civil

2   Procedure Rule 26, and the Court's Standing Order hereby submit the following Joint Case

3   Management Conference Statement.

4                                    **JURISDICTION AND SERVICE**

5    Based on the causes of action pled in Plaintiff Freddie New's Complaint, the parties agree that

6   jurisdiction and venue are proper. The court has pendent jurisdiction over related state law claims

7   pursuant to 28 U.S.C. §1367(a).  Defendant City and County of San Francisco ("Defendant") was

8   served on March 6, 2013.  Defendants contend that the individually-named defendants, Cheryl Turner

9   and Robert Louie, have not been properly served; Plaintiff contends that they have been properly

10  served and thus questions how the case is properly before the Court if all named defendants did not

11  consent to removal.

12  **I.      FACTS**

13        **A.      Plaintiff's Contentions.**

14       On December 14, 2009, another employee with SFMTA, Sheila Johnson, assigned New a bus.

15  New complained about the bus to Johnson because the engine through the heating unit emitted fumes

16  which aggravated New's allergies.  New had complained about the allergies before December 14,

17  2009, and the allergies made it difficult for New to operate a bus safely.  Runny noses, headaches, and

18  burning eyes were just some of the symptoms caused by this allergic reaction to the odors emitted in

19  the 81, 82, and 83 series buses.  The SFMTA had accommodated New's requests for different buses

20  previously, but on this date SFMTA and Johnson would not make such an accommodation.  An

21  argument ensued.

22

23       Johnson screamed at New that he was a "mutha fucking faggot!"  Johnson screamed this more

24  than seven times at New.  New reported the incident to his supervisors. Johnson then falsely accused

25  New of an assault.  Louie and Defendants took New off the job, put New on administrative leave, and

26  started the disciplinary process against New.  No action was taken against Johnson.

27

28

1
2
3
4

There began a series of retaliatory and discriminatory actions aimed at New.  Over the past two years, starting with his initial notice of suspension on December 22, 2009, New has been suspended repeatedly, and disciplined repeatedly, which the evidence will show were unwarranted actions by New's employer.

5
6
7
8
9
10
11
12

For example, New was placed on administrative suspension.  While on leave, Defendant Turner – who was aware of the several suspensions – initiated additional disciplinary actions against New for being absent without leave (while New was suspended).  That is, Turner scheduled New to work a shift while he was serving a suspension and then initiated additional disciplinary actions against Plaintiff for being absent.  This has happened to other operators at SFMTA, and appears to be part of an ongoing practice.  Plaintiff has been placed in this type of impossible position on several occasions, the latest such suspension being in September 2011.

13
14

**B.    Defendants' Contentions.**

15
16
17
18
19
20
21

Plaintiff Freddie New ("Plaintiff") has been employed as a transit operator with San Francisco Municipal Transportation Agency ("MTA") since May 1984.  Plaintiff has a long and extensive disciplinary history dating back to 1984 for offenses including, but not limited to, failing to show up to work as scheduled, inattention to duties, discourteous treatment of the public, directing profanity at passengers while on duty, failing to report an accident, using inappropriate language on the radio, schedule violations and being absent without leave ("AWOL").  Plaintiff has been repeatedly cautioned, counseled and suspended for his improper conduct.

22
23
24
25
26
27

Since being accused of slapping a female co-worker in 2009 and thereafter taking a one-year leave of absence, Plaintiff has continued to engage in the same type of misconduct that has subjected him to discipline during his entire MTA employment.  In 2011, MTA disciplined him for being repeatedly AWOL.  In 2011, MTA also suspended Plaintiff for three weeks (with an agreement from Plaintiff and his Union as to amount of discipline) for untimely submitting his required documentation concerning his 2010/2011 leave of absence.

28

1    Plaintiff fails to identify the specific basis under the California Fair Employment and Housing

2  Act ("FEHA") upon which he claims he was discriminated against as it relates to MTA's disciplinary

3  actions since his return in March 2011.  As to his Section 1983 claim, he fails to identify what specific,

4  protected activity he engaged in and what action MTA took that violated his rights under the Equal

5  Protection Clause of the U.S. Constitution.

6    Plaintiff filed a charge against MTA with the United States Equal Employment Opportunity

7  Commission ("EEOC") based on his allegations in the Complaint.  On May 27, 2011, the EEOC

8  issued a "no cause finding" based on its investigation.  Defendant denies that there is any merit to

9  Plaintiff's claims.

10  **II.      PRINCIPAL LEGAL ISSUES IN DISPUTE**

11          **A.      Plaintiff's Position**

12      The following principal legal issues are in dispute:

13          1.      To what extent is each of the individual defendants is liable to Plaintiff?

14          2.      To what extent is the municipal defendant is liable to Plaintiff?

15          3.      Whether one or more individual defendants is entitled to qualified immunity?

16          4.      Whether Plaintiff engaged in protected activity, and/or was a member of a protected

17  class at times relevant to this action?

18          5.      Whether the City & County of San Francisco is liable under *Monell?*

19          6.      The nature and extent of Plaintiff's damages caused by Defendants.

20          **B.      Defendants' Position**

21      The following are the principal legal issues that are in dispute:

22          (1)      Whether Plaintiff exhausted his administrative remedies as to his claims under FEHA;

23          (2)      Whether Plaintiff has received a right-to-sue letter from the DFEH that encompasses
                     the claims contained in the Complaint;

24

25          (3)      Whether Plaintiff's claims have been timely asserted;

26          (4)      Whether Plaintiff can establish *prima facie* claims under FEHA and
                     42 U.S.C. Section 1983;

27

28

JOINT CASE MANAGEMENT STATEMENT          4                    n:\labor\li2013\130918\00866663.doc
CASE NO.  C 13 1285 EMC

(5)     Whether Plaintiff can rebut Defendant's nondiscriminatory and nonretaliatory reason for taking disciplinary actions against the Defendant; and

(6)     Whether Plaintiff can establish municipal liability required for a 42 U.S.C. Section 1983 claim.

**MOTIONS**

**C.     Plaintiff's Position**

Plaintiff does not anticipate filing any motions at this time, with the possible exception of discovery matters.

**D.     Defendants' Position**

Defendant anticipates filing a motion for judgment on the pleadings and a motion for summary judgment/adjudication of issues**.**

**III.     AMENDMENT OF THE PLEADINGS**

The parties do not anticipate further amendment of the pleadings.

**IV.     EVIDENCE PRESERVATION**

Both counsel have taken steps to preserve relevant evidence by instructing their respective clients to preserve all information and documents that relate to the allegations in the Complaint.

**V.     DISCLOSURES**

Per the parties' agreement during the Rule 26(f) meet and confer process, the parties will serve their Initial Disclosures prior to the case management conference.

**VI.     DISCOVERY**

**A.     Discovery To Date**

No discovery has occurred in this matter to date.

**B.     Anticipated Discovery/Discovery Plan:**

**1.     Defendant's Discovery**

Defendant anticipates taking the depositions of Plaintiff and his witnesses proffered in support of his factual claims and economic and emotional distress damages and propounding written discovery concerning Plaintiff's factual and legal claims.

**2.       Plaintiff's Discovery**

Plaintiff will depose each of the individual defendants, and several other employees of the SFMTA.  Plaintiff will also seek to obtain written discovery through requests for production, interrogatories, and requests for admission.

**C.       Proposed Limitations or Modifications of Discovery Rules**

At this time, the parties request no other limits on discovery other than those set forth under the Federal Rules of Civil Procedure.

**VII.   CLASS ACTION**

Not applicable.

**VIII.   RELATED CASES**

The parties are aware of no other related cases.

**IX.     RELIEF**

Plaintiff seeks compensatory and general damages, punitive and exemplary damages against the individually-named defendants, attorneys' fees and costs and injunctive relief.  Defendant City denies any and all liability, and further denies that Plaintiff is entitled to any damages or any other relief.  Defendant City does not anticipate filing any counterclaims.

**X.      SETTLEMENT AND ADR**

There have been no ADR efforts to date.  The parties are willing to participate in court-sponsored mediation/settlement conference before a Magistrate Judge.  The parties are scheduled for an ADR telephone conference on August 19, 2013, at 11:00 a.m.

**XI.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendant City declined to proceed before a magistrate judge for all purposes.

**XII.    OTHER REFERENCES**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XIII.   NARROWING OF ISSUES**

The parties do not believe that the issues can be narrowed.

**XIV.   EXPEDITED SCHEDULE**

The parties do not anticipate this case can be handled on an expedited basis with streamlined procedures at this time, although remain open to exploring this option as the case progresses.

**XV.   SCHEDULING**

The parties propose the following schedule:

A.     Completion of Non-Expert Discovery: May 16, 2014,

B.     Last Day To Hear Dispositive Motions: August 7, 2014

C.     Last Day To Designate Experts And Produce Expert Reports: August 22, 2014

D.     Last Day To Designate Rebuttal Experts And Produce Supp. Reports: September 12, 2014

E.     Completion Of Expert Discovery: September 26, 2014

F.     Pre-Trial Conference: October 21, 2014

G.     Trial Date: November 3, 2014

**XVI.   TRIAL**

Plaintiff has requested a jury trial. The parties anticipate that this case can be tried in approximately 5-7 days.

**XVII.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff is unaware of any persons, associations of persons, firms, partnerships and corporations which may have a pecuniary interest in the outcome of the case, including any insurance carrier which may be liable in whole or in part (directly or indirectly) for a judgment that may be entered in this action or for the cost of defense, other than the named parties to this action.

**XVIII. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The parties believe that it would be useful to attempt to mediate this matter and request that the Court refer this case to a magistrate judge for mediation/settlement conference.

Dated:  August 15, 2013

RUSSELL A. ROBINSON, ESQ.
LAW OFFICE OF RUSSELL A. ROBINSON

By:   /s/ Russell A. Robinson
RUSSELL A. ROBINSON
Attorneys for Plaintiff Freddie New

JOINT CASE MANAGEMENT STATEMENT          7                    n:\labor\li2013\130918\00866663.doc
CASE NO.  C 13 1285 EMC

Dated:  August 15, 2013

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
TERENCE HOWZELL
Deputy City Attorney

By: /s/ Terence J. Howzell_____
TERENCE J. HOWZELL
Attorneys for Defendant

CITY AND COUNTY OF SAN FRANCISCO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT          8                      n:\labor\li2013\130918\00866663.doc
CASE NO.  C 13 1285 EMC